IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

APR 17 2018

Clerk, U S District Court
District Of Montana
Billings

WILLIAM ELIJAH,

    Petitioner,

vs.

JAMES SALMONSON,

    Respondent.

CV 18-19-BLG-SPW

ORDER

Petitioner William Elijah, appearing pro se, filed a motion to proceed in forma pauperis (Doc. 3), a petition for writ of habeas corpus (Doc. 2), and a motion to dismiss state charges (Doc. 4). Elijah challenges the constitutionality of the criminal charging process utilized by the State of Montana. (Doc. 5 at 1).

Elijah filed the habeas petition jointly with a group of other petitioners in what they characterized as an "En Masse Petition for Writ of Habeas Corpus." (Doc. 5 at 1). On February 6, 2018, the United States Magistrate Judge determined under the rules that the petitioners could not file a habeas petition en masse and ordered the petitioners to either file individual petitions or withdraw by March 9, 2018. (Doc. 1 at 2-7).

On March 21, 2018, the Magistrate recommended the Court dismiss Elijah's case for failure to prosecute because Elijah did not respond to the Magistrate's

1

order. (Doc. 5 at 7). On March 28, 2018, Elijah filed an objection to the Magistrate's recommendation. (Doc. 6). The objection did not address the Magistrate's recommendation to dismiss the petition for failure to prosecute. Instead, the objection reiterated the petition's constitutional claim and insisted on proceeding with the en masse petition. (Doc. 6 at 1-2).

Courts generally treat pro se habeas petitioners leniently. *Castro v. United States*, 540 U.S. 375, 377 (2003); *Woods v. Carey*, 525 F.3d 886, 889-890 (9th Cir. 2008). Although Elijah did not timely respond to the Magistrate's order, the Court construes his objection and reiteration of his constitutional claim as evidence that he has not failed to prosecute his claim. Nonetheless, as stated in the Magistrate's order, Elijah may not file a habeas petition en masse. (Doc. 1 at 2-7). Dismissal without prejudice on that ground is appropriate. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998) (explaining that dismissal for technical procedural reasons should not bar prisoners from ever obtaining federal habeas review) (citing *United States ex rel. Barnes v. Gilmore*, 968 F.Supp 384, 385 (N.D. Ill. 1997) and *Marsh v. U.S. Dist. Court for Northern Dist. of California*, 1995 WL 23942 at *1 (N.D. Ca. 1995)).

A certificate of appealability is not warranted because reasonable jurists would not disagree with the procedural ruling. *See Gonzalez v. Thaler*, 565 U.S. 134, 140-141 (2012).

IT IS ORDERED that the proposed Findings and Recommendations entered by the United States Magistrate Judge (Doc. 5) are rejected.

IT IS FURTHER ORDERED that Elijah's petition is dismissed without prejudice because it was improperly filed. If, at some later date, Elijah properly files a new petition for habeas corpus it shall be considered his first petition.

IT IS FURTHER ORDERED that a certificate of appealability is denied. The clerk shall immediately process the appeal if Elijah files a Notice of Appeal.

IT IS FURTHER ORDERED that the clerk shall close the civil file by entering a judgment of dismissal. Unless this matter is remanded by the Court of Appeals, it is closed. The Court will not entertain any request for reconsideration of the en masse petition.

DATED this 17th day of April, 2018.

SUSAN P. WATTERS
United States District Judge